**Karam AWAD, Petitioner,**

v.

**Alberto N. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–40285–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

---

1. Attorney General Alberto R. Gonzales has    been substituted for his predecessor as the

John D. Perez, Newark, NJ, for Petitioner.

Frank D. Whitney, United States Attorney, Anne M. Hayes, David J. Cortes, Assistant United States Attorneys, Eastern District of North Carolina, Raleigh, NC, for Respondent.

PRESENT: CARDAMONE, JACOBS, and B.D. PARKER, Circuit Judges.

Petitioner Karam Awad ("Awad") petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") denial of asylum and withholding of removal and the BIA decision denying his motion to reconsider. We assume the parties' familiarity with the underlying facts and procedural history.

A petition for review must be filed within thirty days of the date of the BIA order. 8 U.S.C. § 1252(b)(1). Although a petitioner may file a motion to reopen or reconsider with the BIA, the filing of such a motion will not extend the time to appeal from a final order. *See Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89 (2d Cir.2001) (stating that petitioner's filing of a motion for reconsideration did not toll the time for filing a petition for review). Thus, in the instant case, this Court cannot review the BIA's March 2003 order, as no petition for review was filed within thirty days. The Court may, however, review the BIA's June 27, 2003 order, as that petition for review was timely filed on July 25, 2003.

Accordingly, the only issue before the Court is whether the BIA abused its discretion by denying Awad's motion for reopening and reconsideration. *Zhong*

*Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). In his motion to reconsider, Awad argued that the proceedings should be reopened because the IJ erred by applying the one-year bar to find him ineligible for asylum. The BIA determined that the motion should be denied because the additional evidence submitted, including medical and school reports pertaining to Awad's son, was insufficient to establish that reopening was warranted. Regarding reconsideration, the BIA rejected Awad's argument, finding no reversible error of fact or law in its March 26, 2003 decision affirming the IJ's denial of asylum on the ground that Awad was not eligible due to the one-year bar, and pointing out that the IJ correctly concluded, in the alternative, that Awad otherwise failed to qualify for asylum and withholding of removal. The BIA did not abuse its discretion in denying petitioner's motion for reopening and reconsideration. *See Zhao,* 265 F.3d at 93.

The petition for review is denied.